In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-185 CV


____________________



JIMMIE WILLIAMSON, MARY WILLIAMSON 


AND GARY GATLIN, Appellants



V.



BETTY COOK AND DENNIS COOK, Appellees






On Appeal from the 1st Judicial District Court


Jasper County, Texas


Trial Cause No. 21,314






OPINION


 Betty Cook and Dennis Cook filed suit to set aside two foreclosure sales which
occurred after the Cooks defaulted on a real estate lien note owed to Jimmie Williamson
and Mary Williamson. After the foreclosures, and during the pendency of this case, the
house on the property burned. A separate suit was filed by both the Cooks and the
Williamsons against the insurance company. The insurance company settled that case and
placed $200,000.00 into the registry of the court in Jasper County for disbursement after
resolution of the parties' claims in the instant suit. The trial court permitted Mrs. Cook
to stay on the property pending trial. 

 After a bench trial, a final judgment was entered setting aside the two foreclosures
and ordering the following payments from the $200,000.00: appellee, Betty Cook, is to
receive $31,400.00, and Jimmie and Mary Williamson are to receive $168,600.00. The
amount awarded the Williamsons is for the following: $136,000.00 owed on the subject
note, $15,600.00 in attorney's fees, and $17,000.00 in expenses. The trial court made
findings of fact and conclusions of law that the foreclosures were invalid because the
amounts claimed due on the note at the time of the foreclosures were excessive. The
Williamsons and the trustee on the deed of trust filed this appeal. 

Issues Presented


 In issues one through eight, appellants attack the sufficiency of the evidence to
support the trial court's finding that the amounts claimed due on the note were excessive. 
In issue nine appellants attack the sufficiency of the evidence to support the trial court's
finding that the outstanding balance on the note was $136,000.00 at the time of the
judgment.

 We reverse the judgment that the foreclosures were invalid on the issue of the
amounts claimed being excessive and remand for a new trial. A finding in appellants'
favor on their ninth issue would afford no greater relief as their argument fails to
demonstrate the record conclusively establishes what the outstanding balance on the note
was at the time of the judgment. We therefore need not address their final issue.

Analysis


 On February 17, 1995, Dennis Cook and wife, Betty Jean Cook, executed a real
estate lien note to appellants, Jimmie Elwin Williamson and Mary Eilene Williamson, for
the sum of $117,000.00 as the balance owed on the purchase price on 15.09 acres in Jasper
County, Texas. Under the terms of the note, monthly installments were to be made and
then a balloon payment was due on September 1, 1996. The Cooks did not have the
money to pay the balloon payment when it came due. The Williamsons agreed to refinance
the remaining indebtedness for the Cooks, this note being dated December 30, 1996. The
Cooks made a few initial payments on this new note. Numerous efforts were made by
Jimmie Williamson to collect the balance owed on the note, including four notices of
trustee's sale, all of which the Cooks attempted to block in whole or in part by
bankruptcies filed by either Dennis Cook, individually, Betty Cook, individually, or the
two of them jointly. 

 Appellants were able to foreclose on the undivided interest of Dennis Cook on June
1, 1999, with the high bid on the sale being $65,000.00. Prior to the June 1, 1999,
foreclosure, the Cooks had not made a payment for eight months; their last payment had
been on September 18, 1998, for $1,000.00. Appellants offered evidence in the form of
a written accounting submitted by Williamson that the principal outstanding balance on the
note on the date of foreclosure was $109,914.00. The accrued interest, along with the
penalty, was $11,514.35. Appellant also entered into evidence an expense accounting,
Exhibit 4, showing a figure of $8,265.91 for attorney's fees (both for attempts at
foreclosure and for work in the bankruptcy court) insurance and taxes. 

 On August 3, 1999, appellants were able to foreclose on Betty Jean Cook's half
interest, with the high bid by appellants of $71,000.00 for the half interest. Appellants'
brief contends that at the time of the August 3, 1999, foreclosure, the outstanding principal
balance was $64,106.40, the accrued interest was $150.00, and the remaining attorney's
fees, expenses, and taxes were $7,100.00. 

 The Cook's claim to the insurance proceeds was based on their assertion in their
pleadings that "[a]lthough the property was encumbered by the Deed of Trust lien in favor
of Defendant, Jimmie Williamson, Plaintiffs were not in default of any obligation or
covenant owed to Defendant, Jimmie Williamson." The Cooks also claimed that
Williamson failed and refused to accept the amount he agreed to accept to discharge the
indebtedness. We note that Dennis Cook has now conveyed all his interest to Betty Cook. 
 

 Dennis did not testify at trial. The record is devoid of testimony from Betty Cook
as to any personal knowledge of what the outstanding indebtedness was on the note at the
time of the foreclosure sales on June 1, 1999, and August 3, 1999. Betty Cook testified
that at first Dennis Cook, who was incarcerated at the time of the trial, and Mr.
Williamson conducted the business relationship. Mrs. Cook testified that as of January 1,
1999, she did not have information as to whether or not the notes were current. The
evidence as to the balance owed on the note came from Williamson, who presented
evidence showing how each payment received from the Cooks was allocated towards
principal, accrued interest, and penalty. The Cooks did not pay on the note after
September 1, 1998, and only paid sporadically before that date. Interest and penalties
accrued, the validity of which Mrs. Cook does not dispute. However, a document signed
by Jimmie Williamson on April 26, 1999, stating the note was current, was admitted in
evidence. 

 Two of Williamson's accountings were submitted as exhibits by both Cook and
Williamson. The balance shown on Cook's exhibit for May 10, 1999, is $125,065.06. 
On Williamson's exhibit, the principal balance shown for May 10, 1999, is $109,914.00
with cumulative unpaid interest of $11,514.35 (for a total of $121,428.35). The amounts
alone do not establish excessiveness. There is simply no evidence the amounts demanded
to avoid foreclosure in June and August 1999 were excessive. Accordingly, we find the
evidence is legally insufficient to support the findings that the amounts purportedly claimed
by Williamson to be due at the time of the foreclosures in June and August 1999 were in
excess of the amounts actually owed at that time.

 There is, however, some evidence to support the judgment under the Cooks' other
pleading, that Williamson refused to accept the amount he agreed to accept. Considering
the evidence in support of the trial court's judgment, we find the record reflects the
following sequence of events:


 On December 17, 1999, a $117,000 pay-off demand, expiring January 5, 1999, was
given by Williamson. 
 Betty Cook testified that at that time they had the loan from Russell Mortgage.
 Within the next two or three months, a payoff figure of $120,500 was given by
Williamson.
 Tentative arrangements were made with Source Financial for a loan of $120,500. 
 Two or three days later, a corrected payoff figure of $ 122,500 was demanded.
 Source Financial said they would go up to $122,500.
 Source Financial sent papers to Williamson to verify the payoff figure. 
 On April 20, 1999, Garland Smith Abstract Company received a fax from Source
Financial showing a loan amount of $123,750.
 On April 26, 1999, the payoff figure was verified by Williamson at $122,104.57. 



 On May 3, 1999, a letter was sent from Williamson's attorney stating that he would
not proceed with foreclosure on May 4, 1999, based upon the "representation that
Source Financial [would] be extending a loan to Mr. & Mrs. Cook this week to pay
Mr. & Mrs. Williamson in full." The letter further stated that "papers will be
forwarded to Garland Smith Abstract Company for signing this week, however the
funding may not actually take place until the first part of next week." 



 Betty Cook testified she took papers from Source Financial to Garland Smith
Abstract Company; Williamson refused to sign them. 
 On May 10, 1999, Williamson filed notice of trustee sale for June. 


 Betty Cook testified she took the papers to Garland Smith Abstract Co. for
Williamson and he refused to sign them. Williamson testified that he agreed not to
foreclose on May 4, 1999, if he was paid the money that week, but the money was not
paid. Noted above is the letter sent by Williamson's attorney on May 3, 1999. It appears
to contradict Williamson's claim that he placed a time limit on the offer. The letter itself
does not give a cutoff date and recognizes that funding would not occur immediately. 
Based upon the evidence set forth above, there is some evidence Williamson improperly
refused to accept the payoff figure.



 Conclusion


 Having found there is insufficient evidence to support the trial court's only finding,
that the amount demanded was excessive, we must reverse the judgment. However,
having also found there is evidence to support Cook's allegations that Williamson refused
to accept the amount he agreed to accept to discharge the debt, and there being no finding
by the trial court on those claims, we remand in the interest of justice for a new trial so
that a proper adjudication of the parties' respective positions may be had. See Tex. R.
App. P. 43.3(b). The judgment of the trial court is reversed and this case is remanded for
a new trial.

 REVERSED AND REMANDED.

 PER CURIAM


Submitted on November 7, 2001

Opinion Delivered April 18, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.